NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 28, 2017

Joel Silberman, Esq.
The Law Offices of Joel Silberman
549 Summit Avenue
Jersey City, NJ 07306
*Counsel for Plaintiff*

Connie Bentley McGhee, Esq.
292 Lafayette Street
Newark, NJ 07105
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:     E.P. v. City of Orange, et al.**
**Civil Action No. 16-6122 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Lieutenant T. Grundy's ("Grundy" or "Defendant") Motion to Dismiss Plaintiff E.P's ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## DISCUSSION

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an

entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff, a resident of Essex County, New Jersey, alleges that she was unlawfully pulled over and sexually assaulted by Officer Ricardo Arias-Vasquez ("Arias-Vasquez") of the City of Orange Police Department on November 18, 2015. (Second Am. Comp. ¶¶ 11-28.) Grundy was Arias-Vasquez's supervisor at the time and conducted his own investigation into Plaintiff's claims. (*Id.* ¶ 41.) On June 27, 2017, Plaintiff filed a Complaint in this Court against officers of the City of Orange Police Department, including Arias-Vasquez and Grundy, the City of Orange, the City of Orange Police Department and others, claiming that defendants' actions violated federal and state law. (Dkt. No. 1.) On August 25, 2017, Defendant Grundy filed the instant motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim or claims upon which relief could be granted. (Dkt. No. 81.) Plaintiff filed her opposition on September 16, 2017. (Dkt. No. 84.) No reply was filed.

Plaintiff concedes that Counts One, Two, Three, Four, Seven, Nine, and Ten do not apply to Defendant Grundy. (Pl.'s Opp'n. Br. at 8.) Therefore, only Counts Five (Conspiracy), Six (Negligent and Intentional Infliction of Emotional Distress), and Eight (Negligence), all of which are state law claims, remain as to this defendant. Under 28 U.S.C. § 1367, federal courts may exercise jurisdiction over state law claims, however, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). Plaintiff has conceded that her federal claims must be dismissed as to Grundy. Consequently, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims are dismissed.[1]

---

[1] Even if this Court were to reach Plaintiff's state law claims, they are insufficiently pled to survive a motion to dismiss. Plaintiff alleges only that Defendant Grundy, upon learning of Plaintiff's allegations against Officer Arias-Vasquez, conducted his own investigation into the events giving rise to Plaintiff's claims. (Second Am. Compl. ¶¶ 41, 52-55.) Plaintiff alleges no facts to support claims that Defendant Grundy acted negligently, or engaged in activities that would constitute a civil conspiracy or give rise to a cognizable claim of emotional distress.

## CONCLUSION

Defendant's Motion to Dismiss the Second Amended Complaint will be **GRANTED**. An appropriate order follows.

_/s/ Susan D. Wigenton_____

SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.